IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

PATRICK STANLEY,

    PLAINTIFF,

Vs

THE CITY OF NEW YORK, a
municipal entity, NEW YORK
CITY POLICE OFFICER VINCENT
FIORE, Shield # 25517,NEW YORK
CITY POLICE OFFICER JOHN WOLF,
Shield # 00000, NEW YORK CITY
POLICE OFFICERS "JOHN DOES", all
of the  identified and non identified
persons in their individual and
in their official capacities,

    DEFENDANTS.
_____

Index #: 08-cv-03885

COMPLAINT

## I.  INTRODUCTION

    1.  This litigation arises out of the Plaintiff's arrest on April 19, 2007 at or about 5:15 P.M. in the vicinity of 90 Church Street, New York City, New York and the subsequent detention and incarceration until he was released after his arraignment on April 20, 2008. Subsequently the Plaintiff returned to Court approximately six (6) times.  On the last Court date, March 31, 2008, the charges, which had been preferred against the Plaintiff in association with his arrest were dismissed.

    2.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

    3.  The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that the Plaintiff secures full and complete relief and justice for the violation of his rights.

## II. JURISDICTION

    4.   Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the First, Fourth, and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York.

5. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the plaintiff by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and arising under the law and statutes of the City and State of New York.

6. The Plaintiff requests that the Court invoke pendent claim and pendent party jurisdiction. The State law claims derive from the same occurrence and transaction which gives rise to the federal law claims and they have a common nucleus of operative fact with the federally based claims.

7. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

8. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

### III. JURY DEMAND

9. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### IV. THE PARTIES

9. The Plaintiff is an American citizen and resident of the City of New York, State of New York, and the County of the Bronx.

10. The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which is authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

11. Defendants Vincent Fiore, Shield # 25517 and John Wolf, Shield # 00000 and "John Does" are New York City Police Officers and agents and employees of the City of New York. Although their actions and conduct herein described were unlawful and wrongful and otherwise violative of the Plaintiff's rights as guaranteed under the laws and Constitution of the United States and of the State of New York, they were taken in and during the course of their duties and functions as New York City Police Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as New York City Police Officers and agents and employees of the City of New York.

### V. FACTS COMMON TO ALL CLAIMS

12. The Plaintiff is Patrick Stanley.

13. This is a litigation which arises out of the Plaintiff's arrest on April 19, 2007 at or about 5:15 P.M. in the vicinity of 90 Church Street, New York City, New York and the subsequent dismissal of the charges preferred against the Plaintiff on March 31, 2008.

14. The Plaintiff is a resident of the Bronx, New York.

15. The Plaintiff is twenty five [25] years of age. The Plaintiff's birth date is October 1, 1982.

16. The Plaintiff is an American citizen.

17. The Plaintiff resides at 2419 Hoffman Street, Bronx, New York 10458. The Plaintiff has resided at this address since approximately September 2004.

18. At all times relevant to this action, Defendants Vincent Fiore, Shield # 25517 and John Wolf, Shield # 00000, along with the defendants "John Doe" were police officers employed by the New York Police Department ("NYPD") and involved in the unlawful arrest, excessive force used, unlawful imprisonment and deprivation of rights suffered by the Plaintiff.

19. Defendants John Doe were Police Officers present at the time and place of occurrence of the unlawful acts underlying this litigation, but whose names are currently unknown to and undiscoverable by plaintiff. The plaintiff will amend this complaint to state the true name of these "John Does" as soon as possible.

20. Upon information and belief these unidentified defendants were also responsible for the assault, unlawful arrest, excessive force, false imprisonment, physical and emotional injuries suffered by the Plaintiff.

21. Upon information and belief, at all times relevant, all individual defendants were operating and acting in their official capacity as agents of New York City.

22. Upon information and belief, that at all times hereafter mentioned, the defendant, CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under the, and by virtue of the, laws of the State of New York.

23. Upon information and belief, that at all times hereafter mentioned, defendants NEW YORK CITY, its agents, servants and employees, including the NYPD, operated, maintained, controlled and trained the Defendants Vincent Fiore, Shield # 25517 and John Wolf, Shield # 00000 and the OTHER UNIDENTIFIED NEW YORK CITY POLICE OFFICERS.

24. Upon information and belief, each defendant is, and at all times relevant was, the agent, employee or representative of each other defendant. Each defendant, in doing the acts, or omitting to act as alleged in this Complaint was acting within the scope of his or her actual or apparent authority, or the alleged acts and omissions of each defendant, as agent, subsequently were ratified and adopted by each other defendant as principal.

25. During all times relevant in this Complaint, the defendants were acting under color of law, that is, under color of the constitution, statutes, laws, charter, ordinances, rules, regulation, customs and usage's of New York City and the State of New York.

26. The incident, which gives rise to this litigation, commenced on April 19, 2007 where the Plaintiff was arrested without probable cause and assaulted by members of the NYPD in the vicinity of 90 Church Street. Subsequent to the arrest, the Plaintiff was detained and imprisoned in custody until his arraignment on April 20, 2007, in the Criminal Court of the City of New York, County of New York [Manhattan] when and where he was released without bail.

27. On June 25, 2007, the Plaintiff was required to return to Court.

28. On August 27, 2007, the Plaintiff was required to return to Court.

29. On September 17, 2007, the Plaintiff was required to return to Court.

30. On January 22, 2008, the Plaintiff was required to return to Court.

31. On March 31, 2008, the Plaintiff was required to return to Court when and where the charges, which had been preferred against him, were dismissed.

32. The Plaintiff, along with others, was walking from City Hall Park towards Battery Park.

33. The defendants, and other officers of the NYPD, were following the Plaintiff, along with others, while they were walking from City Hall Park towards Battery Park.

34. Some of these NYPD officers were on motor scooters.

35. At some point, some of those walking with the Plaintiff entered the street and began walking in the street.

36. The NYPD then used their scooters to physically force the individuals in the street onto the sidewalk.

37. The NYPD officers on the scooters committed assault on a number of these individuals by driving their scooters into these individuals.

38. When the Plaintiff, along with others, crossed from the South East Corner of Church and Vesey Street towards the South West Corner, the Plaintiff spoke to Defendant Wolf.

39. Defendant Wolf was the officer in charge of the police presence on the corner of Church and Vesey, at or near 90 Church Street.

40. The Plaintiff complained to Defendant Wolf that some of the officers were assaulting citizens of New York City by driving their scooters into civilians.

41. While the Plaintiff was making this complaint to Defendant Wolf, one of the motor scooter operators, Defendant Fiore, grabbed the Plaintiff and forcefully moved him away from Defendant Wolf and towards the South East Corner of Vesey and Church Streets.

42. Defendant Fiore then proceeded to punch the Plaintiff a few times.

4

43. Immediately thereafter, numerous officers of the NYPD, including some of John Doe defendants, aided Defendant Fiore in the illegal arrest of the plaintiff.

44. Immediately thereafter, numerous officers of the NYPD, including some of John Doe defendants, aided Defendant Fiore in exerting excessive force on the plaintiff.

45. There is a video of the arrest that shows the excessive force used on the Plaintiff.

46. The Plaintiff was in shock and dismay as he did not know why he was being attacked, tackled, punched and arrested.

47. The Plaintiff was placed in handcuffs.

48. While in handcuffs, numerous officers exerted weight on the plaintiff, forcing his head and body into the cement and street.

49. As the officers began to move the Plaintiff from the location of the arrest to transport him for processing, one officer, while attempting to punch the Plaintiff in the back of the head, tripped another officer. The officer who was tripped mistakenly believed the plaintiff had tripped him and became more physical with the plaintiff.

50. The plaintiff was placed in a police transport vehicle with other arrestees and the Plaintiff was transported to a New York City Police Department Precinct where he was detained in custody and processed.

51. The Plaintiff was photographed and frisk searched.

52. The Plaintiff was at the Precinct for several hours before he and others were transported to Manhattan Central Booking where he was detained in custody until April 20, 2007, when he then appeared at an arraignment and was released.

53. When the Plaintiff was frisked and processed, he had no contraband or weapons or drugs in his possession.

54. The Plaintiff was fingerprinted as a result of his arrest.

55. The Plaintiff was charged with disorderly conduct, harassment and resisting arrest.

56. The Plaintiff did not engage in disorderly conduct, harassment or resisting arrest or any other unlawful act as he was simply proceeding from City Hall Park to Battery Park in a peaceful walk.

57. It is believed that the Plaintiff's arrest was part of a New York City Police Department field operation which was undertaken by the police and which caused the Plaintiff to be arrested and taken into custody although the Plaintiff had not done anything which any reasonable person, including law enforcement agents, could have reasonably and objectively believed to have been criminal in nature or otherwise unlawful in nature. Among the police officers who were involved in the New York City

policing operation which resulted in the arrest of the Plaintiff's was, it is believed, Police Officer Vincent Fiore, Shield # 25517 and Lt. Wolf, Shield # 00000.

58. The Plaintiff committed no criminal offense or other offense whatsoever and no reasonable police officer could have believed that the Plaintiff committed any criminal offense or any other offense under and of the law to justify his stop, detention, and custodial arrest or the subsequent search to which he was subjected in association with his arrest and detention and imprisonment.

59. There was no basis for the stop and detention and eventual custodial arrest of the Plaintiff by the New York City Police Officers, each of who are an agent and employee of the City of New York.

60. While the actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York.

61. There was no probable cause for the arrest of the Plaintiff and all associated conduct therewith including the Plaintiff's handcuffing, his frisk search, and his fingerprinting. There was no basis, even, for a stop and detention.

62. The Plaintiff was unreasonably stopped and detained and thereafter falsely arrested and imprisoned and was subjected to excessive, unreasonable and unnecessary force in the form of his handcuffing and was otherwise subjected to an unnecessary and excessive and unreasonable search and fingerprinting.

63. Rather than being released with a Summons or Desk Appearance Ticket, for which the Plaintiff's offense qualified and for which he was otherwise qualified, the Plaintiff was excessively, unnecessarily, and unreasonably detained in custody in lieu of being released.

64. It is believed that the actions and conduct herein described were propelled by the crime offense enforcement initiatives of the City of New York which is grounded in the philosophy of the "ends justifies the means" and in a manner to frustrate the free speech goals of that days walk from City Hall Park to Battery Park.

65. Such crime offense enforcement initiative propels officers to make arrests where there is no probable cause for such and no basis for the stop and detention of individuals and, by such, to generate arrest statistics and to otherwise make examples of individuals in the hope that such would depress crime offenses, free speech and other manners of dissent.

66. On the date in question, Defendant Wolf was consistently using a megaphone or bullhorn to amplify his voice in a manner to frustrate the free speech goals of the walk from City Hall Park to Battery Park.

67. If the people in the walk from City Hall Park to Battery Park had wanted to use a megaphone, they would have been required to obtain an amplification permit from the NYPD.

68. Since no amplified permit was sought, those participating in the the walk from City Hall Park to Battery Park utilized their joined voices to express their point of view. By using a megaphone or bullhorn to speak over this chorus of voices, the NYPD violated the individuals First Amendment Rights, including those of Patrick Stanley.

69. The Plaintiff's was unlawfully stopped, detained, assaulted and falsely arrested and subjected to excessive and unnecessary force and subjected to an unnecessary, unreasonable and excessive search, to an unnecessary and unreasonable and excessive detention, to an unnecessary, unreasonable, and excessive fingerprinting, to malicious prosecution, and to malicious abuse of criminal process for no legitimate purpose and for the collateral purpose of interfering with the rights of those walking from City Hall Park to Battery Park while expressing themselves pursuant to their First Amendment rights.

70. The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

71. The actions, conduct, policies and practices, and customs violated the Plaintiff's rights under the laws and Constitution of the State of New York including the stop and detention of the Plaintiff, the false arrest and imprisonment of the Plaintiff, the assault and battery of the Plaintiff and the search of the Plaintiff, the fingerprinting of the Plaintiff, the excessive detention of the Plaintiff, the malicious prosecution of the claim and the malicious abuse of criminal process employed against the Plaintiff.

72. The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

73. The Plaintiff suffered injuries and damages including chipped teeth, loss of liberty, fear, anxiety, mental distress, emotional anguish, embarrassment, humiliation, and psychological trauma and physical pain and suffering.

74. The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

75. The Plaintiff has no other adequate remedy at law for the violation of his rights but through the commencement of this litigation.

76. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

77. All of the aforementioned acts deprived the Plaintiff of its' rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

78. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

79. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

## VI.  CAUSES OF ACTION

### A.  FIRST CAUSE OF ACTION

80. The Plaintiff reiterates Paragraph #'s 1 through 79 and incorporates such by reference herein.

81. The Plaintiff was unlawfully stopped and detained and subsequently falsely arrested and falsely imprisoned and excessively detained in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

82. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

83. The Plaintiff suffered injuries and damages.

### B.  SECOND CAUSE OF ACTION

84. The Plaintiff reiterates Paragraph #'s 1 through 83 and incorporates such by reference herein.

85. The Plaintiff was subjected to excessive force and was assaulted by members of the N.Y.P.D. in violation of his rights as guaranteed under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

86. The Plaintiff suffered injuries and damages.

### C.  THIRD CAUSE OF ACTION

87. The Plaintiff reiterates Paragraph #'s 1 through 86 and incorporates such by reference herein.

88. The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the, First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

89. The Plaintiff suffered injuries and damages.

### D. FOURTH CAUSE OF ACTION

90.  The Plaintiff reiterates Paragraph #'s 1 through 89 and incorporates such by reference herein.

91.  The Plaintiff was subjected to a search in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

92.  The Plaintiff suffered injuries and damages.

### E. FIFTH CAUSE OF ACTION

93.  The Plaintiff reiterates Paragraph #'s 1 through 92 and incorporates such by reference herein.

94.  The Plaintiff was subjected to excessive, unnecessary and unreasonable force in the form of physical violence, assault and his handcuffing in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

95.  The Plaintiff suffered injuries and damages.

### F. SIXTH CAUSE OF ACTION

96.  The Plaintiff reiterates Paragraph #'s 1 through 95 and incorporates such by reference herein.

97.  The Plaintiff was subjected to malicious prosecution in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S. C. Section 1983.

98.  The Plaintiff suffered injuries and damages.

### G. SEVENTH CAUSE OF ACTION

99.  The Plaintiff reiterates Paragraph #'s 1 through 98 and incorporates by such reference herein.

100.  The Plaintiff's right of expression and association were inhibited by his stop, detention, and custodial arrest and imprisonment in violation of his rights as guaranteed under the First Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

101.  The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

    [a] Invoke pendent party and pendent claim jurisdiction.

    [b] Award appropriate compensatory and punitive damages.

    [c] Award appropriate declaratory and injunctive relief.

    [d] Empanel a jury.

    [e] Award attorney's fees and costs.

    [f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED:    New York, New York
            April 23, 2008

        Respectfully submitted,

        /s/ Wylie M. Stecklow, Esq.
        WYLIE M. STECKLOW [WS 6012]
        10 SPRING STREET – SUITE 1
        New York, New York 10012
        [212] 566-8000
        [212] 202-4952/FAX
        ATTORNEY FOR PLAINTIFF