UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PATRICK STANLEY

                                         Plaintiff,

                  -against-

THE CITY OF NEW YORK, a municipal entity, NEW YORK CITY POLICE OFFICER VINCENT FIORE, Shield #25517, NEW YORK CITY POLICE OFFICER JOHN WOLF, Shield #00000, NEW YORK CITY POLICE OFFICERS "JOHN DOES", all of the identified and non identified persons in their individual capacities,

                                          Defendants.

------------------------------------------------------------------------ x

**ANSWER**

08 Civ. 3885 (RJH)

Jury Trial Demanded

        Defendants City of New York, Retired P.O. Vincent Fiore and Lt. John Wolf by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein, and that plaintiff was arrested on or about April 19, 2007.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff purports to base venue as stated therein.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to demand a trial by jury as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York is a municipal corporation and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Lt. John Wolf is employed by the New York City Police Department, and that Retired P.O. Vincent Fiore was previously employed by the New York City Police Department.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff purports to proceed as stated therein.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was arrested on or about April 19, 2007, and that the charges against him were dismissed pursuant to New York State's speedy trial provisions on or about March 31, 2008.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff purports to proceed as stated therein.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. State that the allegations set forth in paragraph "21" of the complaint constitute legal conclusions to which no response is required.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that the City of New York maintains a police department.

24. State that the allegations set forth in paragraph "24" constitute legal conclusions to which no response is required.

25. State that the allegations set forth in paragraph "25" constitute legal conclusions to which no response is required.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint, except admit that the charges against plaintiff were dismissed pursuant to New York State's speedy trial provisions on or about March 31, 2008.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint, except admit that members of the NYPD Scooter Task Force were present at or near the location of plaintiff's arrest.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint, except admit that plaintiff was walking in the street.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint, except admit that plaintiff was handcuffed during the course of his arrest.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint, except admit that plaintiff's arrest was processed at the 1st Precinct.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint, except admit that plaintiff was charged by the New York County District Attorney's Office with resisting arrest, disorderly conduct and two counts of harassment in the second degree.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint, except admit that plaintiff purports to proceed as stated therein.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. State that the allegations set forth in paragraph "76" of the complaint constitute legal conclusions to which no response is required.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint, and state that the allegations set forth therein constitute legal conclusions to which no response is required.

79. Deny the allegations set forth in paragraph "79" of the complaint, and state that the allegations set forth therein constitute legal conclusions to which no response is required.

80. In response to the allegations set forth in paragraph "80" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. In response to the allegations set forth in paragraph "84" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. In response to the allegations set forth in paragraph "87" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. In response to the allegations set forth in paragraph "90" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. In response to the allegations set forth in paragraph "93" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. In response to the allegations set forth in paragraph "96" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. In response to the allegations set forth in paragraph "99" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. Deny the allegations set forth in paragraph "101" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

102. The complaint fails to states a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

103. Defendants City, Fiore or Wolf have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

104. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

105. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

106. At all times relevant to the acts alleged in the complaint, defendants Fiore and Wolf acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

107. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening culpable or negligent conduct of others, and was not the proximate result of any act of defendants City, Fiore or Wolf.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

108. Plaintiff has failed to comply with New York General Municipal Law § 50(e).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

109. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

110. Plaintiff provoked any incident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

111. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendants City of New York, Fiore and Wolf request judgment

dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 14, 2008

    MICHAEL A. CARDOZO
    Corporation Counsel of the
      City of New York
    *Attorney for Defendants City, Fiore and Wolf*
    100 Church Street, Rm. 3-218
    New York, New York 10007
    (212) 788-0775

By:    _____/s/_____
    ELIZABETH M. DAITZ
    Assistant Corporation Counsel

TO:    Wylie Stecklow, Esq (via ECF)