UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

PATRICK STANLEY

                                  Plaintiff,

              -against-

THE CITY OF NEW YORK, a municipal entity, NEW
YORK CITY POLICE OFFICER VINCENT FIORE,
Shield #25517, NEW YORK CITY POLICE OFFICER
JOHN WOLF, Shield #00000, NEW YORK CITY
POLICE OFFICERS "JOHN DOES", all of the identified
and non identified persons in their individual capacities,

                                 Defendants.

-------------------------------------------------------------------- x

JOINT PROPOSED
SCHEDULING ORDER

08 Civ. 3885 (RJH)

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #: _____
DATE FILED: 7/24/08

**1.**    **Description of the Case.**

      **a.**    **Attorneys of record for each party, including lead trial attorney:**

For Plaintiff:

           Wylie Stecklow, Esq.
           WylieLaw
           10 Spring St. Suite 1
           New York, NY 10012
           (212) 566-8000

For Defendants City, Fiore and Wolf:

           Assistant Corporation Counsel Elizabeth M. Daitz
           New York City Law Department
           100 Church Street, Rm. 3-218
           New York, NY 10007
           (212) 788-0775

      **b.**    **Basis for federal jurisdiction:**

This action is brought under 42 USC 1983 for the alleged violation of the civil rights of the plaintiff. Defendants deny any violation of plaintiff's civil rights, but do not challenge the Court's jurisdiction over this matter.

c. **Claims asserted in the complaint and any counterclaims:**

**Claim 1:** The Plaintiff was unlawfully stopped and detained and subsequently falsely arrested and falsely imprisoned and excessively detained in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

**Claim 2:** . The Plaintiff was subjected to excessive force and was assaulted by members of the N.Y.P.D. in violation of his rights as guaranteed under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

**Claim 3:** The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the, First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

**Claim 4:** The Plaintiff was subjected to a search in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

**Claim 5:** The Plaintiff was subjected to excessive, unnecessary and unreasonable force in the form of physical violence, assault and his handcuffing in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

**Claim 6:** The Plaintiff was subjected to malicious prosecution in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S. C. Section 1983.

**Claim 7:** The Plaintiff's right of expression and association were inhibited by his stop, detention, and custodial arrest and imprisonment in violation of his rights as guaranteed under the First Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

**Defendants** have asserted no counterclaims.

d. **Major legal and factual issues in the case:**

- Whether the stop and subsequent arrest of plaintiff on April 19, 2008, was justified by reasonable suspicion and/or probable cause.

- Whether plaintiff's conduct was protected by the First Amendment

- Whether defendant's conduct violated the plaintiff's First Amendment rights.

- Whether defendants commenced or continued a criminal proceeding against plaintiff, whether the subsequent prosecution of plaintiff as a result of his April 19, 2008 arrest was justified by probable cause, and whether that proceeding was instituted with malice.

- Whether it was objectively reasonable for the defendant officers to believe that the detention of plaintiff was justified by reasonable suspicion and/or probable cause.

- Whether any force was used against plaintiff during the course of plaintiff's April 19, 2008, arrest, and, if so, whether or not the amount of force used or threatened was reasonable or excessive under the circumstances.

- Whether the individual defendants are entitled to qualified immunity.

**Relief sought:** Declaratory judgment that defendant's conduct was not legal, compensatory and punitive damages, attorney fees and costs and such other and further relief as the Court deems to be in the interest of justice.

2. **Proposed Case Management Plan**

   a. **All pending motions:** None.

   b. **Date for joinder of additional parties:** September 8, 2008

   c. **Date for amendments to pleadings:** September 8, 2008

   d. **Schedule for completion of discovery, including:**

      i. **Date for Rule 26(a)(1) disclosures:** July 25, 2008

      ii. **Date for fact discovery completion:** December 29, 2009 —

      iii. **Date for Rule 26(a)(2) disclosures:** December 29, 2009

      iv. **Date for expert discovery completion:** February 23, 2009

         a. **Plaintiff's expert report due by:** January 15, 2009

         b. **Defendants' expert report due by:** February 15, 2009

   e. **Date for filing dispositive motions:** April 1, 2009

   e. **Date for filing a final pretrial order:** May 1, 2009 (or 30 days following the Court's ruling on any dispositive motions)

   f. **Proposed trial schedule, including:**

3

      i. **Whether a jury trial is requested:** The parties request a jury trial.

      ii. **The probable length of the trial:** Approximately 4-5 days.

      iii. **When the case will be ready for trial:** May 15, 2009 (or 45 days following the Court's ruling on any dispositive motions).

3. **Consent to Proceed Before a Magistrate Judge:** At this time the parties do not consent to proceed for all purposes before a Magistrate Judge.

4. **Status of Settlement Discussions:**

   a. **Whether any settlement discussions have occurred:** Defendants have requested that plaintiff make an initial settlement demand. Plaintiff is awaiting a dental report before making a full demand.

   b. **The status of any settlement discussions:** Defendants are awaiting an initial settlement demand from plaintiff.

   c. **Whether the parties request a settlement conference:** Yes.

Dated: New York, New York
July 21, 2008

*[Handwritten: 5. A status conference shall be held on 1/9/09 at 10:00 a.m.]*

Wylie Stecklow, Esq.
Attorney for Plaintiff Stanley
10 Spring St Suite 1
New York, New York 10012
(212) 566-8000

By: _____
Wylie Stecklow, Esq (WS   )

SO ORDERED:
_____
HON. RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE
*[Handwritten: 7/23/08]*

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants City, Wolf and Fiore
100 Church Street, Room 3-218
New York, New York 10007
(212) 788-0775

By: _____
Elizabeth M. Daitz (ED1324)
Assistant Corporation Counsel

4